**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA WETH** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE:** |
| | ) | |
| **v.** | ) | **MAGISTRATE:** |
| | ) | |
| **NIEDERST MANAGEMENT GROUP,** | ) | |
| **LTD.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' JOINT NOTICE OF REMOVAL

---

> ***PLEASE TAKE NOTICE*** that, pursuant to 28 U.S.C. §§§ 1332 (a)(1), 1441, and 1446, Defendants Niederst Management Group, LTD., Niederst Management, LTD., and Shawn Whiteman (collectively, the "***Defendants***"), by and through their undersigned counsel, hereby remove this action from the Court of Common Pleas of Cuyahoga County, Ohio, in which the case is presently pending under the caption *Lisa Weth v. Niederst Management Group, LTD., et al.* Case No. 17-CV-877009, to the United States District Court for the Northern District of Ohio, Eastern Division, on the basis of original jurisdiction, specifically federal question jurisdiction, under 28 U.S.C. § 1331. As required under 28 U.S.C. § 1446(a), a copy of all process,

pleadings, and orders served on Defendants in the State action are attached as **<u>Exhibit</u>** **<u>A</u>**. In further support of this removal, the Defendants state as follows:

BACKGROUND

1.     Plaintiff Lisa Weth ("***Plaintiff***") commended this action on March 8, 2017 by filing a Complaint in the Cuyahoga County Court of Common Pleas alleging that Defendants engaged in discriminatory and retaliatory conduct in violation of Federal and Ohio law (the "***Complaint***").

2.     Niederst Management Group, LTD., Niederst Management, LTD., and Shawn Whiteman were each served with process of the Summons and Complaint on March 13, 2017.

3.     Adrina Niederst ("***Mrs. Niederst***") has not been properly served at the time of this filing.

4.     As set out more fully below, this case is properly removed to this Court under 28 U.S.C §§ 1441, and 1446 because this Court has original subject matter jurisdiction under section 1331, supplemental jurisdiction over the related state law claims under section 1367, and Defendants have satisfied the procedural requirements for removal under section 1441.

SUBJECT MATTER JURISDICTION

5.     This Court has original jurisdiction over Count I and removal to this Court is proper.

6.     Under section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant…to the district court of the United States for the district and division embracing the place where such action is pending."

7.     District courts are vested with "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8.     A case arises under federal law within the meaning of 28 U.S.C. § 1331 if "the complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

9.     Count I of the Complaint asserts a cause of action under the Family Medical Leave Act, 29 U.S.C. § 2615(a) (the "***FMLA***"). *See* Compl., ¶¶66-69.

10.     Plaintiff seeks relief on Count I in the form of all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney fees. *See* Compl.,¶69.

11.     As Plaintiff brings this claim and seeks remedies and damages pursuant to federal law, this Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION

12.     This Court should exercise supplemental jurisdiction over the state law claims set forth in Counts II, III and IV because this Court has original jurisdiction over the claim asserted in Count I and the remaining state law claims derive from a common nucleus of operative fact. *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195 (2004).

13.     Section 1367, gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they derive from a common nucleus of operative facts. *Id.* at 209.

14. Here, Count II (unlawful discriminatory practices under R.C. 4112.02(A)) and Count III (disability discrimination) are premised on the factual allegation that Plaintiff was discriminated against for her alleged knee and ankle injuries which allegedly rendered her disabled. *See* Compl. ¶¶41-43; ¶¶71-86. Count I (FMLA) is premised on the allegation that Plaintiff was retaliated and discriminated against for taking FMLA leave for her alleged injuries. *See* Compl. ¶¶66-69. Similarly, Count IV (retaliatory discrimination under R.C. 4112.02) alleges that Plaintiff was terminated for testifying truthfully at a trial while she was on FMLA leave. *See* Compl. ¶¶50-51, ¶56, ¶61, ¶¶87-90.

15. Thus, the state law claims share the same nucleus of operative facts to warrant the exercise of supplemental jurisdiction.

## PROCEDURAL REQUIREMENTS

16. A defendant has thirty (30) days from receipt of the complaint to remove the case to federal court. 28 U.S.C. § 1446(b)(1). Plaintiff's Complaint was filed on March 8, 2017, and was served on the Defendants on March 13, 2017. *See* Exh. A. Thus, the Defendant timely filed this Notice within thirty days of service.

17. The United States District Court for the Northern District of Ohio, Eastern Division embraces the county in which the state action is now pending. 28 U.S.C. §§ 115, 1441. Therefore, this Court is a proper venue for this action.

18.     Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being served upon counsel of record for Plaintiff, and Defendants will promptly file a copy of this Notice of Removal in the Cuyahoga County Court of Common Pleas once a federal case number is assigned to this litigation.

19.     This removal is proper despite Mrs. Niederst not joining or otherwise consenting to the removal, as the State Court's docket does not show that she has been properly joined and served in this litigation. 28 U.S.C. § 1446(b)(2)(A).

20.     By virtue of this Notice of Removal, Defendants not waive their right to assert any rights, claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil procedure or other applicable rules or laws.

        **WHEREFORE**, Defendants respectfully submits this Notice of Removal to this Honorable Court so that it may exercise jurisdiction over this action.

                          Respectfully submitted,


                          **KOHRMAN JACKSON & KRANTZ LLP**


                          */s/ Robert Gilmore*
                          ROBERT GILMORE (0037042)
                          ANNA L. SEIGER (0095689)
                          One Cleveland Center, 29th Floor
                          1375 East Ninth Street
                          Cleveland, Ohio 44114-1793
                          Telephone: (216) 696-8700
                          Facsimile: (216) 621-6536
                          Email: rsg@kjk.com; as@kjk.com

                          *Counsel for Defendants Niederst Management Group,*
                          *LTD., Niederst Management, LTD., and Shawn*
                          *Whiteman*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendants' Joint Notice of Removal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Additionally this filing will be served by electronic mail and regular U.S. mail, postage pre-paid this 10th day of April, 2017 upon the following:

Michael J. Stanuszek (0078283)
The Stanuszek Law Group, PLLC
800 S. Gay Street, Suite 700
Knoxville, Tennessee 37929
Tel: 865.696.1032
Facsimile: 865.381.1340
Email: mjs@stulaw.org

*/s/ Robert Gilmore*

*Counsel for Defendants Niederst Management Group, LTD., Niederst Management, LTD., and Shawn Whiteman*