**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Lisa Weth, ) | CASE NO. 1:17 CV 751 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| Niederst Management Group, Ltd., ) | |
| ) | **Memorandum of Opinion and Order** |
| ) | **(FILED UNDER SEAL)** |
| Defendant. ) | |

**Introduction**

This matter is before the Court upon Defendants' Supplement to Court's October 5, 2017 Order (Doc. 22) and Plaintiff's Submission of Documents Per Court Order and Response to Defendants' Supplement to Court's October 5, 2017 Order (Doc. 23). For the reasons set forth below, the Court finds that a waivable conflict of interest exists between Plaintiff and her attorneys. The signed waiver previously submitted by Plaintiff's counsel (Doc. 25), however, is insufficient. The Court hereby orders Plaintiff's counsel to provide a signed waiver which outlines the nature of the conflict of interest in enough detail that Plaintiff understands why it

may be desirable for her to have independent counsel with undivided loyalty to her interests.

**Facts**

The Spitz Law Firm ("Spitz") first filed suit on behalf of John Kassay against Niederst Management Ltd. ("Niederst") in 2014. The case was captioned *John Kassay v. Niederst Management, Ltd., et al.,* Cuyahoga No. CV-14-834274 (Kassay I). Lisa Weth, one of several defendants, was represented by the firm Meyers, Roman, Friedberg & Lewis ("Meyers Roman"). The case was tried to verdict and the court entered judgment in favor of plaintiffs. Damages in the amount of $792,562.73 were awarded to John Kassay. That amount appears to include the $100.01 assessed against Weth individually, and the $259,233.71 assessed jointly and severally against all defendants. Weth subsequently entered into a settlement agreement with Kassay (Doc. 24, hereinafter "Settlement") and did not appeal the judgment. The other defendants' appeal is pending. (Eighth Dist. No. CA-17-106016).

In the Settlement, Kassay agreed not to collect from Weth or otherwise enforce the Kassay I judgment against her until he completes all efforts to collect from the other Kassay I defendants. In exchange, it appears to this Court that Weth agreed to: (1) pay Kassay the $100.01 assessed against her; (2) grant Kassay a lien on the recovery from Weth's malpractice claims against Meyers Roman for its representation of Weth in Kassay I; and (3) grant Kassay an assignment of Weth's claims against Niederst Management and other parties, up to the amount for which she is responsible as a result of the Kassay I judgment. The Settlement also states that Weth is jointly and severally liable for the "full verdict amount of $534,429.01, plus attorneys' fees and prejudgment interest." (Doc. 24, p.1). This appears to be inconsistent with the Kassay I trial court's judgment entry, which states that Weth is responsible for $100.01 individually and

$259,562.73 jointly and severally with the remaining defendants.  It is not clear whether Weth was represented in the settlement negotiations.

Once Kassay I was settled as to Weth, Spitz filed a lawsuit on behalf of Kassay, Weth, and Denise Pacak against Niederst and Meyers Roman for various claims, including a malpractice claim against Meyers Roman for its representation of Weth in Kassay I.  This second lawsuit is captioned *John Kassay, et al. v. Niederst Management Group, Ltd., et al.*, Cuyahoga No. CV-17-885671 (Kassay II).  Prior to accepting Weth as a client in Kassay II, Spitz obtained a signed waiver from Weth, which purported to inform her of the potential conflict of interest created by Spitz's dual representation of Weth and Kassay in Kassay II.  (Doc. 25).

In the case before this Court, Weth (represented by Spitz) alleges in part that she was fired from her job because of her participation and testimony in Kassay I.  During the telephonic status conference held on October 4, 2017, this Court was informed that Weth had waived any conflict of interest that exists as a result of Spitz's representation of her.  The Court ordered further briefing on the issue of whether such a conflict of interest exists and if so, whether that conflict has been waived.

**Analysis**

Federal courts have the responsibility of preserving the integrity of the adversarial process.  *Gordon v. Dadante,* 2009 WL 2732827, *5 (N.D. Ohio Aug. 26, 2009) (quoting *In re Bellsouth Corp.,* 334 F.3d 941, 951 (11th Cir. 2003) ("A court's inherent power to disqualify an attorney or otherwise sanction a party or attorney is rooted in concern for the integrity of the judiciary and the public's perception thereof.")).  A court may disqualify an attorney *sua sponte. Id.*  Whether or not a conflict of interest exists is governed by the Ohio Rules of Professional

Conduct. Ohio Rule of Professional Conduct 1.7 provides:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>
> > (1) the representation of that client will be directly adverse to another current client;
> >
> > (2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

Spitz argues that it has never concurrently represented Weth at the same time as being adverse to her, and that it has obtained waivers of any potential conflict of interest.

Upon review, the Court finds that Spitz's representation of Weth in this case is not directly adverse to its representation of Kassay. Weth's and Kassay's interests are currently aligned in that both Weth and Kassay stand to benefit from any recovery Weth obtains. Therefore, Rule 1.7(a)(1) is not at issue here.

This Court is extremely concerned, however, about the effect of the Settlement on Spitz's ability to consider, recommend, or carry out an appropriate course of action for Weth. *See* Rule 1.7(a)(2). Per the terms of the Settlement, any recovery Weth collects is earmarked to pay the outstanding amount from the Kassay I judgment, if necessary. During this case, Weth will have to make choices relating to the valuation of the case, settlement, and trial. In this context, Kassay's interests may differ from Weth's. Spitz's ability to advise Weth in this regard may be compromised by the terms of the Settlement and Spitz's corresponding obligations to Kassay.

Additionally, Weth appears to have been misinformed as to the amount for which she could be responsible in Kassay I. As described above, the judgment that was entered against

Weth is for $100.01 individually and $259,233.72 jointly and severally. This is significantly lower than the amount identified in the Settlement for which Weth could be responsible. Spitz will not be able to advise either Weth or Kassay on this issue without acting adversely to the other client.[1]

Although this Court is disturbed that any lawyer would place himself in this precarious position (and would engage in the ethical gymnastics necessary to get himself here), the Court finds that the conflict of interest created by the Settlement may be waived in this case with Weth's informed consent. Ohio Rule of Professional Conduct 1.7(b) provides:

> A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:
>
> > (1) the lawyer will be able to provide competent and diligent representation to each affected client;
> >
> > (2) each affected client gives informed consent, confirmed in writing; and

---

[1] The Settlement also creates a myriad of other potential conflicts which do not directly relate to the circumstances here. The Settlement authorizes Kassay to initiate collection proceedings against Weth in certain circumstances. Weth could challenge the Settlement, which may not have been negotiated in good faith. Spitz's ability to represent either Weth or Kassay in any proceeding related to the Settlement are now limited by Spitz's ongoing obligations to both clients. These issues are greatly troubling to the Court and may be relevant to the conflict analysis in Kassay II.

(3) the representation is not precluded by division (c) of this rule.[2]

Spitz has represented that it can provide competent and diligent representation to Weth. In an effort to comply with Rule 1.7(b)(2), Spitz also provided a waiver letter signed by Weth. (Doc. 25). The letter, however, is generic and fails to describe with any level of detail the conflict that exists as a result of the Settlement. The Sixth Circuit has stated that informed consent requires "that the client or former client have reasonably adequate information about the material risks of such representation to that client or the former client." *CenTra, Inc. v. Estrin,* 538 F.3d 402, 414 (6th Cir. 2008) (quoting Restatement § 122). Further, it is "not sufficient that both parties be informed of the fact that the lawyer is undertaking to represent both of them, but he must explain to them the nature of the conflict of interest in such detail so that they can understand the reasons why it may be desirable for each to have independent counsel, with undivided loyalty to the interests of each of them." *Id.* (quoting *Unified Sewerage Agency v. Jelco Inc.,* 646 F.2d 1339, 1345-46 (9th Cir. 1981)).

The letter submitted by Spitz does not explain why the Settlement creates a conflict, or why Spitz's ability to counsel Weth may be limited by both the Settlement and Spitz's obligations to Kassay. The Court therefore orders Spitz to file a signed waiver which sets forth the nature of the conflict in enough detail that Weth understands why Spitz may not be able to provide her with the undivided loyalty to which she is entitled.

---

[2] Division (c) provides that conflicts are not waivable, even with informed consent, if the representation of the client is prohibited by law, or if the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding. Because the representation is not prohibited by law and there is no concern that Kassay would assert a claim against Weth here, Rule 1.7(c) does not apply.

    IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                  PATRICIA A. GAUGHAN
                                  United States District Court
                                  Chief Judge

Dated: 10/24/17